<u>NOT FOR PUBLICATION</u>

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUPERT CALVIN BELL AND KYLE T. NELSON., <br><br>**Plaintiffs,**<br><br>v.<br><br>TOWNSHIP OF MAPLEWOOD, MAYOR VICTOR DELUCA, SONIA ALVES-VIVEIROS, NANCY ADAMS, DEAN DELUCIA, GREGORY LEMBRICK, FRANK MCGEHEE, JOSEPH MANNING, HEAD DOE(S), JOHN DOES 1-10, *fictitious parties,*<br><br>**Defendants.** | Civil Action Nos.: 19-12980(BRM) (JAD)<br>20-2504(BRM)(JAD)<br><br><br>ORDER |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court by means of a status conference held in both <u>Bell v. Maplewood</u>, No. 19-cv-12980(BRM)(JAD) ("<u>Bell I</u>") and <u>Bell v. Maplewood</u>, No. 20-cv-2504(BRM)(JAD) ("<u>Bell II</u>"). For good cause shown, and:

**WHEREAS** the Court held a status conference in both <u>Bell I</u> and <u>Bell II</u> on October 22, 2020;

**WHEREAS** the Court discussed outstanding issues in both matters including motions for default judgment; entries of default; and service of process issues;

**WHEREAS** the Court and the parties also discussed that the complaint filed in <u>Bell II</u>, (No. 20-2504, ECF No. 1) is, per admission of Plaintiff's counsel, identical to the proposed amended complaint Plaintiff sought leave to file in <u>Bell I</u> (No. 19-12980, ECF No. 37); and

**WHEREAS** with consent of both parties:

**IT IS** on this 29th day of October, 2020,

**ORDERED** Plaintiff's counsel will effectuate service of the Bell II complaint, (No. 20-2504, ECF No. 1) upon Defendants' counsel via email;

**ORDERED** that Defendants will have 45 days from service to respond to the complaint;

**ORDERED** that Defendants' counsel will submit a status letter to the court via ECF by 11/05/2020 indicating whether potential Statute of Limitations concerns exist in Bell II;

**ORDERED** that as the parties agreed at the conference that a single lawsuit should exist in these matters, if the status letter on 11/05/2020 indicates that no Statute of Limitations issue exists in Bell II, then the Court will administratively terminate Bell I;

**ORDERED** that should the 11/05/2020 status letter indicate that a Statute of Limitations issue exists in Bell II, then the Court will convene a hearing to resolve the issue of one operative complaint together with a process for addressing the statute of limitations issue;

**ORDERED** that the motions for Default Judgment in Bell I, ( No. 19-12980, ECF No. 44) and Bell II, (No. 20-2504, ECF No. 16) are **DENIED without prejudice**; and

**ORDERED** that all entries of default in Bell II are hereby vacated.

                                               **SO ORDERED**

                                        /s/ Joseph A. Dickson
                                        HON. JOSEPH A. DICKSON, U.S.M.J.

Dated: October 29, 2020

cc:     Hon. Brian R. Martinotti, U.S.D.J.