<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RUPERT CALVIN BELL and KYLE NELSON,** <br>         **Plaintiffs,** <br><br> v. <br><br> **TOWNSHIP OF MAPLEWOOD,** *et al.***,** <br><br>         **Defendants.** | **Civ. Action No. 19-12980 (BRM) (JSA)** <br><br><br> <u>**REPORT & RECOMMENDATION**</u> |

<u>**JESSICA S. ALLEN, United States Magistrate Judge**</u>

**WHEREAS**, this matter comes before the Court, on its own motion, after the Court's review of Plaintiffs Rupert Calvin Bell and Kyle Nelson's ("Plaintiffs") Second Amended Complaint, (ECF No. 63), and a series of status conferences with the parties; and

**WHEREAS**, on May 28, 2019, Plaintiffs commenced this action, alleging workplace harassment, discrimination, and retaliation within the Township of Maplewood's DPW. (ECF No. 1). In their original pleading, Plaintiffs asserted several state law and federal claims, including alleged violations of 42 U.S.C. §§ 1981, 1983, and 1985, against the Township of Maplewood, five members of the Maplewood Township Council, and various other Maplewood employees and officials (collectively, "Defendants"). (*See* ECF No. 1 at 1-18; referred to herein as "*Bell I*"); and

**WHEREAS**, on March 6, 2020, Plaintiffs filed a second complaint against the Defendants, which was docketed as Civil Action Number 20-2504 (BRM) (JSA) ("*Bell II*"). The *Bell II* Complaint was amended, and eventually set forth the same causes of action as the *Bell I* Complaint and also: "(1) an additional claim for breach of the implied covenant of good faith and

fair dealing against all Defendants except Manning; (2) an additional claim for breach of the implied covenant of good faith and fair dealing for casting Plaintiffs in a false light; (3) additional claims for breach of the implied covenant of good faith and fair dealing for interfering with Plaintiffs' beneficial position, false light, and invasion of privacy; and (4) wrongful termination"; and (5) "additional state law causes of action for disparate treatment, retaliation, hostile work environment, and wrongful termination." (ECF No. 61 at 4; Opinion dated July 30, 2021; herein, "the July 30 Opinion"); and

      **WHEREAS**, Defendants filed motions to dismiss both the *Bell I* and *Bell II* Complaints. (*Bell I*, ECF No. 56; *Bell II*, ECF No. 30); and

      **WHEREAS**, on July 30, 2021, the Honorable Brian R. Martinotti, U.S.D.J. issued the July 30 Opinion and accompanying Order (1) consolidated *Bell I* and *Bell II*; (2) dismissed all federal claims in the case (counts 2, 3, 7, and 8 of the operative pleading) without prejudice; (3) declined to exercise supplemental jurisdiction over the remaining state law claims; and (4) provided Plaintiffs 45 days to file a second amended complaint in *Bell I*. If a second amended complaint was not filed, the amended complaint would be dismissed with prejudice.  (ECF Nos. 61-62); and

      **WHEREAS**, on August 27, 2021, in response to the July 30 Opinion and Order, Plaintiffs filed a Second Amended Complaint ("SAC") that does not contain any federal claims. (ECF No. 63).  Instead, the SAC expressly states that "this suit arises under the New Jersey Constitution" (SAC ¶ 1) and that "[t]he New Jersey Courts have jurisdiction" over Plaintiffs' claims. (SAC ¶ 2); and

**WHEREAS**, on August 27, 2021, Plaintiffs filed, as an exhibit to the SAC, a letter addressed to the Clerk of the Court and Judge Martinotti requesting dismissal of the SAC without prejudice to proceeding in New Jersey state court (ECF No. 63-2); and

**WHEREAS**, upon review of Plaintiffs' SAC and request seeking dismissal without prejudice of same as well as the parties' respective letters setting forth their positions in connection therewith (ECF Nos. 63, 65 & 66); and

**WHEREAS**, on September 20, 2021, the Undersigned held a telephone status conference to address the parties' disagreement over whether Plaintiffs' SAC should be dismissed with or without prejudice;

**WHEREAS**, following the September 20th Conference, the Undersigned issued an Order, directing the parties to file an agreed upon proposed Stipulation and Order of Dismissal on or before October 8, 2021 addressed to Judge Martinotti (ECF No. 68), and

**WHEREAS**, through letters filed by Defendants on October 12, 2021 (ECF No. 69) and by Plaintiffs on October 21, 2021 (ECF Nos. 70-71), the parties advised the Undersigned that they could not agree on the form of a stipulation of dismissal in that Plaintiffs would not agree to a stipulation of dismissal with prejudice (see ECF No. 71); and

**WHEREAS**, on February 3, 2022, the Undersigned held a Telephone Status Conference on the record to address the parties' continued disagreement regarding the form of a stipulation of dismissal; and

**WHEREAS**, during the February 3, 2022 conference, this Court noted that the SAC, on its face, does not contain any federal claims and does not appear to be based on diversity jurisdiction. Plaintiffs' counsel agreed, on the record, that the Court lacks subject matter jurisdiction over the SAC, and thus, asserted that the SAC should be dismissed for lack of

subject matter jurisdiction. However, Plaintiffs' counsel stated that Plaintiffs would not consent to a stipulation of dismissal with prejudice; and

**WHEREAS**, Plaintiffs' counsel advised the Court during the February 3, 2022 conference that he has already re-filed Plaintiffs' Complaint in New Jersey Superior Court; and

**WHEREAS**, the Court finds that it has an ongoing, ever-present obligation to *sua sponte* investigate federal subject matter jurisdiction, which cannot be waived. *See, e.g.*, *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003); *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388-89 (3d Cir. 2002); *see also Generational Equity LLC v. Schomaker*, 602 Fed. Appx. 560, 561 (3d Cir. 2015) ("[a] federal court has the obligation to address a question of subject matter jurisdiction *sua sponte*"); and

**WHEREAS**, Federal Rule of Civil Procedure 12(h)(3) provides, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id.*; *see also Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("Under this Court's continuing obligation to assess its subject matter jurisdiction, we can dismiss a suit *sua sponte* for lack of subject matter jurisdiction at any stage in the proceeding."); and

**WHEREAS**, it appears from the face of Plaintiff's Second Amended Complaint that this operative pleading does not contain any federal claims or any basis for federal jurisdiction, and thus it appears this Court lacks subject matter jurisdiction over this case; and

**WHEREAS**, consistent with the representations of both counsel for Plaintiffs and for Defendants, on the record on February 3, 2022, that dismissal of the action is appropriate; and

**WHEREAS**, after carefully reviewing the Second Amended Complaint, the relevant procedural history of the case, including Judge Martinotti's rulings as set forth in the July 30

Opinion and Order, and counsels' respective letters, and counsels' representations on the record on February 3, 2022, and for good cause shown,

    **IT IS on this 7th day of February 2022,**

    **RESPECTFULLY RECOMMENDED** that this case be dismissed for lack of federal subject matter jurisdiction.

    The parties are advised that, pursuant to Federal Rule of Civil Procedure 72(b)(2), they have fourteen (14) days after receiving a copy of this Report and Recommendation to serve and file any specific written objections to the Honorable Brian R. Martinotti, U.S.D.J.

                                                      **s/Jessica S. Allen**
                                                      **JESSICA S. ALLEN**
                                                      **United States Magistrate Judge**

cc:   Hon. Brian R. Martinotti, U.S.D.J.